RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/2/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| STACY TULLOS (#365832) | DOCKET NO. 11-CV-1503; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| RAPIDES PARISH SHERIFF'S OFFICE | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se plaintiff Stacy Tullos, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is incarcerated at the Lincoln Parish Corrections Center in Ruston, Louisiana. He claims that he was the victim of excessive force following his arrest by officers of the Rapides Parish Sheriff's Department in June 2010. He sues Sheriff Chuck Wagnor, Officer Chris Holt, Officer Webb, Officer Orr, and Officer Little.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Law and Analysis*

Federal Rule of Civil Procedure Rule (FRCP) 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court...." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. See Link v. Wabash R.R.Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue

delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff has failed to respond to a Court order directing him to amend his complaint, which was to be filed on or before December 12, 2011.

## *Conclusion*

**THEREFORE, IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 1st day of March, 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 1st day of March, 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE